**Milton BURLEY, Petitioner-Appellee,**

v.

**Donald A. CABANA, Warden, and Mississippi State Penitentiary, Respondents-Appellants.**

No. 86–4560
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 3, 1987.

Opinion on Request to Correct Statement July 21, 1987.

Donald Gary Barlow, Asst. Atty. Gen., Edwin L. Pittman, Atty. Gen., Jackson, Miss., for respondents-appellants.

Elizabeth A. Broome, Boyce Holleman, Gulfport, Miss., for petitioner-appellee.

---

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The State of Mississippi appeals the district court's grant of Milton Burley's petition for a writ of habeas corpus. The district court ruled that Burley had been denied effective assistance of counsel because his counsel did not file a written motion of continuance, necessary to perfect that issue for appeal, and did not advise the trial court of sentencing options. We cannot sustain the ruling that counsel's failure to file a written motion of continuance and to advance the issue on appeal constituted ineffective assistance; there is no proof that any such error prejudiced Burley. We agree, however, that counsel's failure to inform the state trial court of sentencing alternatives constituted ineffective assistance of counsel and affirm the grant of relief, with modification.

I

On August 17, 1979, Milton Burley shot and killed Michael Bingham. According to Burley's testimony at trial, Burley was in his trailer listening to music with his brother and two friends when Bingham entered the trailer and sat down. After Bingham ignored Burley's repeated demands to leave, Burley picked up a shotgun. Burley broke the gun, showed Bingham that there was a shell inside, and instructed Bingham to leave. Burley then pulled the gun together, cocked the hammer, and again demanded that Bingham leave. Bingham eventually walked outside, but when Burley attempted to shut the door, Bingham jerked it back open. As Burley attempted to close the door again, the gun, which was down at Burley's side, discharged, killing Bingham.

On August 21, 1979, a Newton County, Mississippi, grand jury charged Burley with murder. Burley hired a lawyer, and his trial followed seven days later. This trial ended in a mistrial when the jury was unable to reach a verdict.

Burley was retried on September 4, 1979, and found guilty of murder. His counsel, who handled twelve other cases during this two-week period, failed to inform the trial court of its sentencing options under the Youth Court Act. The court sentenced Burley to life imprisonment, stating that this was the only possible sentence for this offense under Mississippi law. In denying Burley's motion for new trial, the judge again stated that he could impose no sentence other than life imprisonment. The Mississippi Supreme Court affirmed Burley's conviction.

In his federal habeas petition, Burley alleged that (1) the evidence was insufficient to support his conviction, (2) the jury instructions were deficient, and (3) he was denied effective assistance of counsel. The state filed an answer in opposition.

Burley, through court-appointed counsel, filed an amended petition alleging (1) the evidence was insufficient to support his conviction and (2) his counsel was ineffective at trial and on appeal. The state conceded that Burley had exhausted state remedies.

After an evidentiary hearing, the magistrate recommended that Burley's petition be granted because Burley's trial counsel was ineffective:

> In summary, we hold that the due process rights of Milton Burley were violated by counsel's ineffectiveness in failing to move properly for a continuance and failing to raise the point on appeal. The other errors, particularly Henry's failure to research the law on possible sentencing alternatives, were caused, we find, by the lack of time for preparation. In review of the record as a whole, especially considering that, as the trial judge stated, the case was a very close one between murder and manslaughter, and that Burley was a minor at the time of the incident, we find that his trial was not fair and did not comport with this Court's notion of substantial justice.

The magistrate informed the parties that they had ten days to file objections to his report and warned them that their failure to file written objections would bar them from attacking his factual findings on ap-

peal. The state did not file written objections.

Adopting the magistrate's report and recommendation, the district court ordered "that a writ of habeas corpus shall be issued for the release of Milton Burley from his present custody or that a new trial shall be had within ninety (90) days from this date." The State appeals.

## II

The State argues that Burley received effective counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court stated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The magistrate held that Henry's representation was deficient because he did not preserve this issue for appellate review by filing a written motion for continuance pursuant to Miss.Code Ann. § 99–15–29. The magistrate held that not preserving the point prejudiced Burley because if a proper motion had been filed, even if the trial court denied the motion, the Mississippi Supreme Court, based on its precedent, would have held that the trial court abused its discretion. The magistrate concluded that trial counsel made a number of errors that could have been avoided had the motion for continuance been granted; that "[a] latter-day, indefatigable Clarence Dar-

row's representation would be suspect in a similar context." We disagree.

■ Determining that the state trial court would have granted the motion for continuance or that the Mississippi Supreme Court would have found that the trial court abused its discretion if the trial court had denied the motion does not satisfy the prejudice prong of *Strickland*. To demonstrate prejudice, Burley also must show a reasonable probability that effective counsel would have been able to utilize the extra time gained by the continuance to present additional evidence that would have affected the outcome of Burley's case. Burley has not made this showing. The only issue in this case was whether Burley killed Bingham accidentally or with malice aforethought. The state presented five witnesses: a driver who saw Burley and Bingham outside the trailer and who heard the shot, the investigating officer, the ambulance driver, the embalmer, and one of Burley's guests at the trailer at the time of the shooting. Burley's counsel testified that he talked with the officer who investigated the crime and the four other persons that were in Burley's trailer at the time of the shooting. He also testified that he examined the crime scene, that he decided not to request an expert to testify about the angle of the shot because it was not disputed, and that he investigated possible statements that Burley and other witnesses might have given police. Finally, Henry testified that he thought the hung jury in the first trial, in which the state disclosed its case, mooted the issue.

The magistrate, nevertheless, found prejudice, concluding that the shortness of time

> prohibited any discovery in the case. Henry did not obtain any statements which may have been made to police, and got no exculpatory information they may have had.

However, Burley did not show that any exculpatory evidence existed, that any defense which could have been raised was not, or that any witness who was not called could have added to the defense. Burley points to his trial counsel's testimony to support his prejudice claim:

Q. What witnesses are you aware of now that might have been available to you that were not available then because of a lack of time?

A. The two boys that were in the trailer and—that's just the way it was when I practiced law. I could have possibly carried the boys to school and got them where they could have got up there and told what happened. That's the only thing that I could have changed, if I could have had a month.

. . . .

Q. These other two witnesses that were at the trailer at the time of the shooting, did they give you any indication of any testimony that you could have offered that would have added substantially to the defense?

A. Their testimony would have been identical to the Defendant's in this case. . . .

But Burley does not show that the two young men's testimony would have materially aided his defense. Trial counsel testified that the young men in the trailer told him "that their backs were turned at the time that the actual shooting took place." Consequently, they would be able to testify only about the fight leading up to the shooting, which was not in dispute. Their testimony would shed no light on the circumstances of the shooting itself and therefore could not, alone, give rise to a different verdict.

In short, Burley's claim is "speculative at best, and insufficient to establish a reasonable probability that the result of his trial would have been different." *Marler v. Blackburn,* 777 F.2d 1007, 1010 (5th Cir. 1985). The magistrate incorrectly determined that counsel was ineffective because he did not file a proper motion for continuance.

### III

The State also argues that the district court erred in concluding that counsel's failure to advise the trial court of sentencing alternatives constituted constitutionally ineffective assistance of counsel. The magistrate determined:

The record indicates that Judge Gordon mistakenly believed that life imprisonment was the only sentence available. . . . Judge Gordon stated in his opinion that he thought the sentence was harsh and that he would not have even given the maximum under a manslaughter conviction. He practically cries out for an alternative. Had Henry conducted even a minimal investigation of the law, he could have offered one. To be considered effective, counsel has a duty to make at least a minimum investigation of the law, especially on such an important issue as sentencing mitigation for a minor.

The sentencing error certainly had an effect on the case's outcome and would probably stand alone as grounds for issuance of the Writ. . . .

The State argues that Burley has not shown that the sentencing judge was unaware of his sentencing options under the Youth Court Act. The magistrate, however, specifically found that the judge was unaware of his sentencing options, and the state did not file written objections to the magistrate's report. In *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc), we held that a properly warned party who does not file written objections within 10 days to a magistrate's factual findings may attack those findings on appeal only for "plain error" or "manifest injustice." Under this standard we must uphold the finding of the magistrate.

■ The State, nevertheless, contends that Burley was not prejudiced by his counsel's failure to inform the court of sentencing options, since the trial court still might have imposed a life sentence. In *Kimmelman v. Morrison,* —— U.S. ——, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986), the Supreme Court stated:

The defendant shows that he was prejudiced by his attorney's ineffectiveness by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80

**418**

L.Ed.2d 674 (1984)). We are persuaded that there is a reasonable probability that the trial court would not have imposed a life sentence had it known of the Youth Court Act. Indeed, the trial court, in rejecting Burley's motion for a new trial, stated:

[T]he jury, in my opinion, could have as easily found the Defendant guilty of manslaughter rather than murder. Based upon the testimony I heard, if he had been found guilty of manslaughter, he would not have received from me the maximum sentence allowable by law for manslaughter, and I say that considering the testimony as a whole, the circumstances, and the parties. I say that for an additional reason. This is a sixteen year old minor. He being found guilty of murder, there is only one sentence that the court can impose. The Legislature mandatorily told the court what sentence to impose. I have no alternative but to sentence him to life imprisonment. Under the law, I can't sentence him to one year, ten years, or twenty years. The only sentence I can impose under the law is life imprisonment. To me, under these circumstances, this is a harsh sentence.

This language provides ample support for our conclusion.[1]

**IV**

In sum, we disagree with the district court's conclusion that Burley was prejudiced by trial counsel's failure to file a written motion of continuance. However, we uphold the district court's determination that trial counsel's failure to inform the trial court of sentencing alternatives constituted ineffective assistance. Nevertheless, it is not necessary to order a new trial to remedy trial counsel's failure to inform the trial court of sentencing alternatives. Resentencing is the appropriate relief for this harm. As we understand Mississippi law, it is permissible to order resentencing rather than a new trial. *See* Miss.Code Ann. § 99-39-5. Accordingly, we order that a writ of habeas corpus for the release of

1. Although we hold that there is a reasonable probability that the trial court would not have imposed a life sentence had the court known of the sentencing alternatives, we do not suggest

Milton Burley be issued unless Burley is resentenced within ninety (90) days from this date.

**AFFIRMED** as modified.

**ON REQUEST TO CORRECT STATEMENT IN OPINION**

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The state asks that we correct a statement in our opinion. We said that "the state did not file written objections to the magistrate's report." The state has informed us that, though the record did not reflect it, the state did submit written objections. Although this fact changes our standard of review, it has no effect on our result, since the magistrate's findings are not clearly erroneous.

that a life sentence is inappropriate. We express no view about the appropriate sentence for Burley.