Heather CROWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00838–CR.

Court of Appeals of Texas,
San Antonio.

May 28, 1997.

Emil W. Holiner, Law Office of Emil Holiner, San Antonio, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

## OPINION

RICKHOFF, Justice.

Appellant, Heather Crowell ("Crowell"), pled nolo contendere to the offense of manslaughter with an affirmative deadly weapon finding and was sentenced to fifteen years imprisonment. In her sole point of error, Crowell contends that the trial court erred in failing to timely grant a hearing on her motion for new trial. Because we hold that Crowell waived her right to complain of this error, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

Crowell timely filed a motion for new trial contending that she received ineffective assistance of counsel on August 19, 1996. The trial judge executed a fiat on September 12, 1996, setting the motion for hearing on October 11, 1996. On the date of the hearing, the trial court determined that it did not have jurisdiction to hear the motion because its

plenary jurisdiction had expired on October 7, 1996.

## DISCUSSION

■ In her sole point of error, Crowell contends that the trial court erred in failing to timely grant a hearing on her motion for new trial. In general, "when an accused presents a motion for new trial raising matters not determinable from the record, upon which the accused could be entitled to relief, the trial judge abuses his discretion in failing to hold a hearing pursuant to Rule 31(d)." *Reyes v. State,* 849 S.W.2d 812, 816 (Tex. Crim.App.1993).

■ The State initially contends that Crowell did not timely present her motion for new trial. TEX.R.APP. P. 31(c)(1) requires an accused to present a motion for new trial within ten days of filing it, unless, in its discretion, the trial court permits the motion to be presented and heard within 75 days after the date sentence is imposed or suspended in open court. The motion for new trial has a notation on the first page that states "Presented 8/19/96," the date the motion was filed. However, the trial court did not sign the fiat setting the hearing date until September 12, 1996; therefore, the effect of the notation is unclear. In any event, Rule 31(c)(1) gives the trial court the discretion to consider late presentment, so long as presentment is within 75 days of the date of sentencing. *See Ryan v. State,* 937 S.W.2d 93, 96 (Tex.App.—Beaumont 1996, pet. filed). Since the fiat was signed within this discre-

tionary period, the trial court had the discretion to accept the late presentment.

■ The State also contends that Crowell waived her complaint because she failed to bring the trial court's error in setting a hearing date outside its jurisdiction to the trial court's attention. We agree with the State. *See Ryan v. State,* 937 S.W.2d at 97. When a motion for new trial is presented to the trial court, the burden of ensuring that the hearing thereon is set for a date within the trial court's jurisdiction is properly placed on the party presenting the motion. In this case, Crowell failed to object to the date set by the trial court. By failing to bring this issue to the trial court's attention, Crowell waived the resulting error.[1] *See Baker v. State,* No. 72,225, slip op. at 8, 1997 WL 266361, —— S.W.2d ——, —— (Tex. Crim.App. May 21, 1997).

■ The judgment of the trial court is affirmed.[2]

---

1. We hasten to add that in the absence of a hearing on a motion for new trial, an appellant's ability to prove that trial counsel provided erroneous information, thereby making the appellant's plea involuntary, would be difficult, if not impossible. *See Toney v. State,* 783 S.W.2d 740, 742–43 (Tex.App.—El Paso 1990, pet ref'd)(noting hearing necessary in vast majority of cases); *see also Haight v. State,* 772 S.W.2d 159, 161–62 (Tex.App.—Dallas 1989, pet. ref'd)(holding trial court abused its discretion in denying hearing on motion for new trial based on ineffective assistance of counsel). Crowell's waiver of this issue; however, precludes further consideration by this court.

2. Crowell requests an abatement pursuant to TEX. R.APP. P. 2(b). Such an abatement is not war-

ranted since Crowell has a right to raise her ineffectiveness claim by a post-conviction writ of habeas corpus pursuant to TEX.CODE CRIM PROC. ANN. art. 11.07 (Vernon Supp.1997). *See Harris v. State,* 818 S.W.2d 231, 233 (Tex.App.—San Antonio 1991, no pet.)(noting ability to obtain post-conviction habeas corpus relief is a factor to consider in granting abatement under Rule 2(b)); *see also Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim.App.1987)(granting postconviction writ of habeas corpus based on ineffective assistance of counsel resulting in involuntary plea); *Ex parte Duffy,* 607 S.W.2d 507, 512–13 (Tex.Crim.App.1980)(holding ineffective assistance is proper subject for postconviction habeas relief).