2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARCOS MACIAS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00093-CR



Appeal from the


County Court at Law No. 2


of El Paso County, Texas 


(TC# 20010C00066)



MEMORANDUM OPINION ABATING APPEAL


 Marcos Macias appeals his conviction for a second offense of driving while
intoxicated. This appeal is a companion to his appeal from a revocation of probation,
case number 08-02-00094-CR. For the reasons stated, we abate the appeal and remand
the matter to the trial court.

 On November 12, 1999, Macias was placed on probation for the offense of driving
while intoxicated. On December 30, 2000, he was again stopped for driving while
intoxicated. The State offered a recommendation of 300 days confinement on the second
offense of driving while intoxicated, and revocation of probation and 150 days
confinement on the first matter, to run concurrently. Macias pleaded guilty on February
28, 2002 to the second offense and was sentenced to 300 days confinement. This offense
was also an element in the State's motion to revoke Macias's probation on his first
charge. He pleaded true to that allegation, among others, and his probation was revoked,
and he was sentenced to 150 days in the El Paso County Jail.

 On March 11, 2002, Macias timely filed his pro se notice of appeal in both cases. 
The notice of appeal stated that the trial court had granted permission pursuant to Texas
Rule of Appellate Procedure 25.2 to appeal the issue of "Whether the defendant's plea
was voluntary given the fact that trial counsel did not review medical forms nor did not
interview the state's only complaining witness, even though the witness was available for
interview the day of the defendants [sic] plea." On March 28, 2002, defense trial counsel
filed a notice with this Court that he was not representing Macias on appeal. Tex. R. App.
P. 6.4. The trial court appointed appellate counsel on April 17, 2002, after the time for
filing a motion for new trial had expired. Macias's brief raises as the sole issue that he
was deprived of counsel and the opportunity to present a motion for new trial in violation
of his rights under the Texas Constitution and the Sixth Amendment to the United States
Constitution.

 At oral argument, both the prosecutor and defense counsel agreed to abate the
appeal, with remand to the trial court, for purposes of pursuing a motion for new trial. In
this case, under the limited circumstances presented, we concur that the appropriate
remedy is to abate the appeal and remand to the trial court. See Belcher v. State, 93
S.W.3d 593, 600 (Tex. App.--Houston [14th Dist.] 2002, pet. filed). All pleadings filed
after abatement, a record of any proceedings, and the trial court's rulings shall be
included in a supplemental record transmitted to this Court.

Conclusion

 The appeal is abated for a period of forty-five days for proceedings consistent with
this opinion.


 PER CURIAM

June 12, 2003


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)