NUMBER 13-01-392-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
GUSTAVO ZAVALA,                                                                    Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 139th District Court
of Hidalgo County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza

 

                                 Opinion by Chief Justice Valdez
         A jury found appellant, Gustavo Zavala, guilty of one count of sexual assault and
two counts of indecency with a child. Tex. Pen. Code Ann. §§ 22.011 (a)(2)(A), 21.11
(Vernon 1997). The trial court sentenced appellant to forty-five years imprisonment and
a $10,000 fine for count one, and twenty years imprisonment each for counts two and
three. The sentences run concurrently. Through five issues appellant argues: (1) the
evidence was legally insufficient; (2) the trial court improperly admitted opinion testimony;
(3-4) defense counsel was ineffective for failing to object to inadmissible testimony and for
failing to secure the trial court’s signature on the order granting a motion for new trial within
seventy-five days from the date the sentence was imposed; and (5) the trial court erred in
refusing a jury instruction. We affirm.
I. Facts and Procedural History
          As this is a memorandum opinion, and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.       
II. Discussion
A. Legal Sufficiency
          By his first point of error, appellant challenges the legal sufficiency


 of the evidence.
          When reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the verdict to determine if any rational fact-finder could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
Further, the legal sufficiency of the evidence is measured by a hypothetically correct jury
charge, which accurately sets out the law, is authorized by the indictment, and does not
unnecessarily increase the State’s burden of proof. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 128 (Tex. App.–Corpus Christi 2002,
pet. ref’d). We do not “re-weigh the evidence and substitute our judgment for that of the
jury.” Villarreal v. State, 79 S.W.3d 806, 810 (Tex. App.–Corpus Christi 2002, pet. ref’d). 
Any inconsistencies in the evidence should be resolved in favor of the verdict. Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
          The indictment charged that appellant committed two counts of indecency with a
child by engaging in sexual contact and exposing his genitals to L.D. It also charged
appellant with one count of sexual assault by causing his finger to penetrate L.D.’s sexual
organ. A person commits sexual assault of a child if the person “intentionally or knowingly
causes the penetration of the anus or female sexual organ of a child by any means.” Tex.
Pen. Code Ann. § 22.011 (a)(2)(A). A person commits indecency with a child if, “with a
child younger than 17 years and not his spouse, whether the child is of the same or
opposite sex, he: (1) engages in sexual contact with the child; or (2) exposes his anus or
any parts of his genitals, knowing the child is present, with intent to arouse or gratify the
sexual desire of any person.” Id. § 21.11 “Sexual Contact” is defined as “any touching of
the anus, breast, or any part of the genitals of another person with intent to arouse or
gratify the sexual desire of any person.” Id. § 21.01(2).          
          Here, L.D. signed a sworn statement written by investigating officer Esmeralda
Lopez that stated appellant kissed her, touched her breast, and “put his finger inside
[L.D.’s] private part.” The sworn statement also indicated appellant intended to arouse or
gratify himself because she stated that appellant exposed his penis and wanted her to
touch it. See Murray v. State, 24 S.W.3d 881, 886 (Tex. App.–Waco 2000, pet ref’d)
(stating that “intent to arouse or gratify the sexual desire of a person can be inferred from
conduct, remarks, and all the surrounding circumstances”). 
          The events described in the statement were also supported by testimony given by
L.D., Officer Esmeralda Lopez, and L.R. Although L.D. testified that she did not recall what
happened on the night in question, she did testify that she gave the sworn statement to
Officer Lopez shortly after the assault. Further, Officer Lopez testified without objection
that the statements in her report were given by L.D. and those statements were consistent
with what L.D. had told another investigating officer. Finally, L.R., who was on the phone
with L.D. during the assault, testified that L.D. told him appellant touched her on her vagina
and breast. 
          The jury also heard contradictory statements given by L.D. and her mother after L.D.
spoke with police. These sworn statements indicated appellant was not the person who
assaulted L.D. However, we note that the jury is the sole judge of the credibility of the
witnesses and resolve any inconsistencies in favor of the verdict. Bottenfield v. State, 77
S.W.3d 349, 355 (Tex. App.–Fort Worth 2002, pet. ref’d), cert. denied, 2003 U.S. LEXIS
4465 (2003). 
          We hold that the evidence was legally sufficient to support the sexual assault and
indecency with a child convictions. Appellant’s first issue is overruled. 
B. Opinion Testimony
          In his second point of error, appellant claims the trial court erred in repeatedly
allowing the State to introduce opinion testimony to bolster the credibility of its witnesses.
          A brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Appellant
does not cite any authority supporting his argument. Since this issue is inadequately
briefed, we overrule appellant’s second issue. See id.; see also Salazar v. State, 38
S.W.3d 141, 147 (Tex. Crim. App. 2001). 
C. Ineffective Assistance of Counsel
          By his third and fourth points of error, appellant claims defense counsel was
ineffective for: (1) failing to object to the opinion testimony concerning credibility; and (2)
failing to have the trial judge timely sign an order granting his motion for new trial. 
          Appellant establishes ineffective assistance of counsel by meeting the two-prong
Strickland test set by the United States Supreme Court. Strickland v. Washington, 466
U.S. 668, 687 (1984); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). First,
appellant must show that his counsel’s representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688; Tong, 25 S.W.3d 712. Second, appellant
must show the deficient performance prejudiced his defense. Strickland, 466 U.S. at 688;
Tong, 25 S.W.3d 712. Appellant must prove both prongs by a preponderance of the
evidence. Tong, 25 S.W.3d at 712. We presume counsel’s conduct fell within a wide
range of reasonable professional assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). The allegation of ineffective assistance must be firmly founded in the
record and demonstrate the alleged ineffectiveness to defeat the presumption that trial
counsel’s challenged conduct was part of sound trial strategy. Tong, 25 S.W.3d at 711. 
1. Failure to Object to Improper Witness Bolstering
          Appellant contends counsel was ineffective for failing to object to: (1) L.D.’s
testimony about whether her mother believed her; (2) Officer Lopez’s and L.D.’s mother’s
testimony concerning L.D.’s outcry statement; (3) L.D.’s mother’s testimony regarding
appellant’s credibility. However, the record is silent as to why appellant’s counsel did not
object to the testimony from L.D., Officer Lopez, and L.D.’s mother. See Thompson, 9
S.W.3d at 814 (noting presumption of reasonable professional assistance is not rebutted
where record is silent as to why defense counsel failed to object).
          Therefore, as to this contention, we conclude that appellant failed to meet the first
prong of the Strickland test. See Strickland, 466 U.S. at 488. 
2. Motion for New Trial
          Second, appellant argues that his counsel provided ineffective assistance because
he did not have the trial judge sign the order granting the motion for new trial within the
amount of time required by law.


 
          Appellant relies on Belcher v. State, 93 S.W.3d 593 (Tex. App.–Houston [14th Dist.]
2002, no pet.) to show ineffective assistance of counsel. In Belcher, the court held that the
defendant received ineffective assistance of counsel because his attorney was figuratively
absent during a critical stage of trial. Id. at 598; see United States v. Chronic, 466 U.S.
648, 659 n.25 (1984) (finding constitutional error when defendant’s counsel is absent
during a critical stage of trial). The trial judge had advised defense counsel that he
planned on ruling in favor of granting the motion for a new trial, but needed help in
calculating the time frame to timely rule on the motion. Id. at 596-97. The appeals court
determined that the defendant’s counsel was absent during the motion for a new trial
because his counsel remained silent when the trial judge requested his help in calculating 
the deadline in ruling on a motion for a new trial. Id. at 599. 
          Here, the facts are distinguishable. The trial judge never asked appellant’s counsel
the time frame for ruling on the motion for a new trial. Instead, appellant’s counsel told the
trial judge on two separate occasions that it was the last day in which the trial court could
rule on the motion for new trial. Unlike the defense counsel in Belcher, appellant’s counsel
affirmatively advised the trial judge of the seventy-five day deadline and urged the trial
judge to grant a new trial. Moreover, there is nothing in the record that clearly shows his
counsel’s conduct during the motion for a new trial fell below an objective standard of
reasonableness. See Strickland, 466 U.S. at 488. Accordingly we conclude appellant
failed to show that his trial counsel’s conduct fell below an objectively reasonable standard. 
Id. Thus, appellant failed to meet the first prong of Strickland on this contention. Id. 
Appellant’s third and fourth issues are overruled.  
D. Jury Instructions
          By his fifth point of error, appellant contends the trial court erred in denying a limiting
instruction on L.D.’s police statement during the punishment stage.
          A request for a limiting instruction must be made as soon as evidence is admitted. 
Tex. R. Evid. 105(a); Skeen v. State, 96 S.W.3d 567, 573 (Tex. App.–Texarkana 2002, pet.
ref’d). Evidence is admitted for all purposes if appellant fails to request limiting instructions
at the first opportunity. Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). 
Failure to charge the jury with limiting instructions is not error if the defendant fails to
request a limiting instruction when the evidence is first offered. Rodriguez v. State, 968
S.W.2d 554, 560 (Tex. App.–Houston [14th Dist.] 1998, no pet.). 
          Here, appellant neither objected nor requested a limiting instruction after the State
offered L.D.’s statement into evidence. Instead, appellant requested a limiting instruction
during the punishment phase after the jury had considered the statement without
restriction. See Hammock, 968 S.W.2d at 894 (stating that limiting instructions are not
effective if given after the jury has been allowed to consider the evidence for all purposes). 
Because the evidence was admitted for all purposes without objection the first time it was
offered, we hold the trial court did not err in denying appellant’s request for limiting
instructions during the punishment phase of trial. Appellant’s final issue is overruled. 
III. Conclusion
          Having overruled each of appellant’s issues, the judgment of the trial court is
affirmed.
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish.
TEX. R. APP. 47.2(b). 
Opinion delivered and filed
this 1st day of April, 2004.