Order and Concurring and Dissenting Opinions filed November 27, 2002
















Order and
Concurring and Dissenting Opinions filed November 27, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-00-00811-CR and

    14-00-00812-CR

____________

 

JAMES CLIVE BELCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 56th District Court

Galveston County, Texas

Trial Court
Cause Nos. 99CR0496 and 99CR0497

 

 

 

A B A T E M E
N T  O R D E R

 

          The issue
presented in this appeal is the validity of James Clive Belcher’s (appellant) contention
his lawyer provided ineffective assistance for failing to alert the trial court
to the proper deadline for ruling on his motion for new trial.  For the reasons set forth below, we hold such
inaction by counsel so undermined the proper functioning of the adversarial
process that the hearing on the motion for new trial cannot be relied upon as
having produced a just result.  We abate
this appeal and remand these causes to the trial court for a new hearing on appellant’s
motion for new trial.








I.  Factual Background

            Appellant filed a motion for new
trial alleging, among other things, a juror was improperly permitted to be
seated as a member of the jury. 
Specifically, appellant contends the juror should have been removed
because he lied during voir dire, and during a later
hearing, about knowing appellant. 

            During the motion for new trial
hearing, the trial court expressed its concern regarding the eligibility of the
juror and adverted twice to the deadline for ruling on appellant’s motion for
new trial, but on both occasions the court’s calculation of the deadline was
erroneous.  Indeed, the trial court
sought counsel’s assistance in calculating the final date for ruling on the
motion.  Appellant’s counsel, however,
remained silent.

            I have been counting
on my fingers and toes here, and I think our
75 days are up on August the 2nd . . . 
I am real troubled regarding the question of [one juror’s eligibility],
so I am going to look at some law on that . . . .  I think that [the juror’s] testimony...makes
me suspicious about his truthfulness . . . and that coupled with the fact
[trial counsel] already told us in this record that he should have . . .
stricken [the juror] and then made a mistake in doing so, . . . troubles me
with the selection process here . . . . 
So, I want to look at some law about this juror.  I want to put everybody on notice what I am
thinking with regards to briefing, and I would like to see some.  I would
welcome others counting the days, but I think our deadline is August the 2nd.


(emphasis
added)

 

            The trial court was mistaken as to
the correct, final date for issuing a ruling on the motion for new trial.  The judgment was signed May 17, 2000, and the seventy-fifth day
following that event was July 31,
 2000.  If the trial court’s
ruling on a motion for new trial is not ruled on by written order within
seventy-five days after imposing sentence, it is overruled by operation of
law.  Tex.
R. App. P. 21.8(c).  Here, the final date for the trial court to
rule before the motion was automatically overruled was July 31, 2000.  The trial court signed an order granting
appellant a new trial on August 2,
 2000.  Because the trial
court acted too late on appellant’s new trial motion,
the motion was overruled by operation of law. 

 class=Section3>

Despite
the fact that the trial court sought counsel’s assistance in calculating the
time for ruling on the motion, appellant’s counsel remained silent.  

            On appeal, appellant asserts in his
first point of error that he was denied effective assistance of counsel because
counsel failed to correct the trial court when it miscalculated the time period
for ruling on appellant’s motion for new trial.

II.  Standard of Review

            Both the United
 States and Texas Constitutions guarantee
an accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. Art. I, § 10.  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The United
States Supreme Court has established a two-prong test to determine whether
counsel is ineffective.  Id.  First, appellant must demonstrate counsel’s
performance was deficient and not reasonably effective.  Id. at 688–92.  Second, appellant must demonstrate the
deficient performance prejudiced the defense. 
Id. at 693.  Essentially, appellant must show his
counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and there is a reasonable probability
that, but for his counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id.; Valencia v. State, 946
S.W.2d 81, 83 (Tex. Crim. App. 1997).  

            Judicial scrutiny of counsel’s
performance must be highly deferential and we are to indulge the strong
presumption counsel was effective.  Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).  We presume counsel’s actions and decisions were reasonably professional and that
they were motivated by sound trial strategy. 
Id.  Moreover, it is appellant’s burden to rebut
this presumption by a preponderance of the evidence, via evidence illustrating
why trial counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996), cert. denied, 519 U.S. 119 (1997). 
A breakdown in the adversarial process implicating the Sixth Amendment
is not limited to counsel’s performance as a whole; specific errors and
omissions may be the focus of a claim of ineffective assistance as well.  United
States v. Cronic, 466 U.S. 648, 657 n.20 (1984).  

            If appellant proves his counsel’s
representation fell below an objective standard of reasonableness, he still
must affirmatively prove prejudice as a result of those acts or omissions.  Strickland,
466 U.S. at
693.  The appellant must show that there
is a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694.  In short,
appellant must prove that counsel’s errors, judged by the totality of the
representation, denied him a fair trial. 
McFarland, 928
S.W.2d at 500.  If appellant fails
to make the required showing of either deficient
performance or prejudice, his claim fails. 
Id.

III.  Analysis

            Texas Rule of Appellate Procedure
21.8(a) provides the trial court must rule on a motion for new trial within 75
days after imposing or suspending sentence in open court.  Tex. R. App. P. 21.8(a).  Here, appellant’s sentence was imposed May 17, 2000.  The 75th day after sentence was imposed was July 31, 2000, not August 2, 2000, as the
trial court apparently believed.  The
trial court requested the lawyers’ assistance in the calculation of the
deadline for ruling on the motion for new trial, reflecting an
intent to make a ruling before the expiration of the 75-day period.  Notably, a written ruling favorable to
appellant was made, but it was two days beyond the deadline for granting a
motion for new trial.  Accordingly, the
motion was overruled by operation of law. 
Tex. R. App. P.
21.8(c).

A. 
Performance

            Normally on a direct appeal, as
here, it is difficult for appellant to rebut the strong presumption counsel’s
conduct fell within the wide range of reasonable professional assistance.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  Rarely will a
reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of
the claim involving such a serious allegation. 
Id.  Here, however, we have record evidence that
appellant’s counsel remained silent while the trial court repeatedly stated its
misunderstanding as to the final day for ruling on the motion for new trial.  Counsel was apparently uninformed as to the
deadline under Rule 21.8(a), was ignoring or not closely following the trial
court’s statements regarding the motion for new trial, or was so preoccupied with other matters as to effectively deny
appellant the presence of competent counsel. 
That a person who happens to be a lawyer is present at trial alongside
the accused is not enough to satisfy the constitutional command.  Strickland,
466 U.S. at
685.  An accused is entitled to be
assisted by an attorney who plays the role necessary to ensure that the trial
is fair.  Id.  As stated by the Court in Strickland, counsel has a duty to bring
to bear such skill and knowledge as will render the trial a reliable
adversarial testing process.  Id. at 688.  We view
counsel’s silence here as a breach of that duty, inasmuch as counsel’s
performance was not reasonable considering all of the circumstances.  Errors of omission can reflect deficient
performance just as fully as errors of commission.  Failing to advise the trial court of its
error as to the proper deadline does not fall within the wide range of
reasonable professional assistance.  

            To defeat the presumption of
reasonable professional assistance, any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson, 9 S.W.3d at
814.  The record on appeal
affirmatively demonstrates the trial court was planning to rule on the motion
for new trial, miscalculated the proper date, and requested assistance in
calculating the deadline for that ruling. 
Nevertheless, appellant’s counsel failed to speak.  Silence at that moment was so inadequate
that, in effect, appellant had no assistance of counsel.  Regardless of the outcome on the motion for
new trial, every competent lawyer would strive to obtain the trial court’s
ruling rather than the statutory denial (particularly when, as in this case,
the trial court has strongly indicated an intent to rule in favor of defense
counsel’s client).  The latter course 

 class=Section4>

nullifies
the effort made to prepare, file, and schedule a hearing on the new trial
motion.  Counsel’s default cannot be
classified as strategy, because it is a strategy of failure, outside the Sixth
Amendment’s guarantee of “the assistance of counsel for his defense.”  Whatever the formulation of a standard for
determining whether “assistance of counsel” has been provided within the
meaning of the Sixth Amendment, what is required in the actual process of
decision of claims of ineffective assistance is the following: a discerning
examination and appraisal of the specific circumstances of the given case to
see whether there has been serious incompetency,
inefficiency, or inattention of
counsel, behavior falling measurably below that which might be expected from an
ordinary fallible lawyer.  Commonwealth v. Saferian,
366 Mass. 89, 95,
315 N.E. 2d 878, 882–83 (1974) (emphasis added).  Here, counsel’s performance defeats the
presumption that “counsel made all significant decisions in the exercise of
reasonable professional judgment.”  Jackson, 877 S.W.2d at 771. 
Appellant has satisfied the performance prong of the Strickland test.

B.  Is A Presumption of Prejudice
Appropriate?   

            Before reaching the prejudice prong
of the Strickland analysis, we will examine  counsel’s
complete lack of activity during the motion for new trial hearing as tantamount
to actual or constructive denial of the assistance of counsel at that critical
stage of a criminal prosecution.  It is
well-established that under the Sixth and Fourteenth Amendments, a criminal
defendant is entitled to effective assistance of counsel during trial, Gideon v. Wainwright, 372 U.S. 335,
342–45 (1963), during the penalty phase of a capital case, Strickland, 466 U.S. at 686, and at various critical stages of a
criminal prosecution where substantial rights of a criminal accused may be
affected, Memba v. Rhay, 389
U.S. 128, 134 (1967).  See Williams
v. Turpin, 87 F.3d 1204, 1209 (11th Cir. 1996) (holding motion for new
trial is critical stage of the proceedings).   


            Similarly, the rule in Texas is “the
hearing on a motion for new trial is a critical stage of a criminal
proceeding.  It is the only opportunity
to present to the trial court certain matters that may warrant a new trial, and
to make a record on those matters for appellate review.”  Trevino v. State, 565
S.W.2d 938, 940 (Tex. Crim. App. 1978).  Appellant’s right to a new trial, a
substantial right, was under consideration at that moment.  The right to counsel is not a right confined
to representation during the trial on the merits.  Memba, 389 U.S. at
133.  

            Both the United States Supreme Court
and the Texas Court of Criminal Appeals have acknowledged that with some Sixth
Amendment violations, such as the actual or constructive denial of counsel
altogether at a critical stage of the criminal proceeding, prejudice is
presumed.  Batiste v. State, 888 S.W.2d 9, 14 (Tex.
Crim. App. 1994) (citing Strickland, 466 U.S. at 692).  The special
value of the right to the assistance of counsel explains why it has long been
recognized that the right to counsel is the right to the effective assistance
of counsel.  Chronic, 466 U.S. at 654.  The Sixth
Amendment requires not merely the provision of counsel to the accused, but
“assistance,” which is for his defense.  Id.  Thus, the core purpose of the counsel
guarantee was to assure “assistance” at trial, when the accused was confronted
with both the intricacies of the law and the advocacy of the public prosecutor.  Id.  If no actual “assistance” for the accused’s defense is provided, then the constitutional
guarantee has been violated.  Id.

            For many years the courts have
recognized that where defense counsel is present in court with the accused but
not providing any assistance to the accused, the accused is denied his Sixth
Amendment right to counsel.  The Supreme
Court in Chronic adverted to the
analysis in Judge MacKinnon’s concurring opinion in United States v. Decoster that “[i]n some cases the performance of counsel may be so
inadequate that in effect, no assistance of counsel is provided.  Clearly in such cases, the defendant’s Sixth
Amendment right to have ‘Assistance of Counsel’ is denied.”  Chronic,
466 U.S. at 654 n.
11 (citing United States v. Decoster, 624 F.2d 196, 219 (MacKinnon, J.,
concurring), cert. denied, 444 U.S. 944.

            We have noted above the rule in Trevino, that the motion for new trial
hearing is a critical stage of a criminal prosecution.  In Chronic,
the Supreme Court articulated the rule that denial of counsel at a critical
stage of the proceedings mandates reversal. 
466 U.S. at 659.  This rule
flows from the presumption of prejudice, and thus constitutional error, when
counsel was either totally absent or was prevented from assisting the accused
during a critical stage of the proceeding. 
Id. at n.25.  The purpose of the rule is to ensure the
fairness and reliability of the trial as a whole through the presence of
counsel at each critical stage.  Id. at 659.  The element of
absence of counsel requires an assessment of the facts and realities of the
individual case.  The Supreme Court has
held that the physical presence of counsel does not prevent his “absence” for
purposes of the Chronic
rule.  See Holloway v. Arkansas,
435 U.S. 475,
489–90 (1978) (stating that mere physical presence of an attorney does not
fulfill the Sixth Amendment guarantee when the advocate is silent on crucial
matters).  To the contrary, “absence”
means simply the defendant was without counsel, either literally or
figuratively.  

            What constitutes the absence of
counsel at what was a critical stage of appellant’s criminal prosecution
depends on an assessment of the facts of each case.  The facts here are simply that counsel
appeared at, but remained silent during, the hearing on appellant’s motion for
new trial, despite the trial court’s request for assistance in calculating its
deadline for issuing a ruling on the motion for new trial.  The question presented is, did counsel’s
performance equate to no counsel at all, and thus counsel not exercising judgment
on appellant’s behalf, resulting in a presumption of prejudice?  The Fifth Circuit’s analysis of whether
defense counsel’s frequent periods of sleep during the guilt stage of trial
triggered the presumption of prejudice under the Chronic rule—denial of counsel at
a critical stage of the proceeding mandates reversal because prejudice is
presumed—provides guidance here.  Burdine v. Johnson, 262 F.3d 336, 349 (5th Cir.
2001) (en banc), cert. denied, 122 S.Ct. 2347 (2002).

            In Burdine, the record reflected Burdine’s counsel repeatedly dozed or slept as the State
questioned witnesses and presented evidence supporting its case against Burdine.  262 F.3d. at 339.  The
fact findings, made during Burdine’s state habeas
proceedings, demonstrated his counsel was frequently sleeping, and thus
unconscious, as witnesses adverse to Burdine were
examined and other evidence against Burdine was
introduced.  Id. at 349.  The Burdine court
applied the well established rule that when a defendant does not have counsel
at every critical stage of a criminal proceeding, the reviewing court must
presume that such egregious deficiency prejudiced the fairness of the
trial.  Id. at 348.   In reaching
its conclusion, the court focused on the distinction between the mere presence
of counsel, and the Sixth Amendment’s requirement of counsel providing
effective assistance to the accused during a critical stage of the
proceeding..  

            Unconscious counsel
equates to no counsel at all. 
Unconscious counsel does not analyze, object, listen or in any way
exercise judgment on behalf of a client. 
As recognized by the Second Circuit, ‘the buried assumption in our Strickland cases is that counsel is
present and conscious to exercise judgment, calculation and instinct, for
better or worse.  But that is an
assumption we cannot make when counsel is unconscious at critical times.  When we have no basis for assuming that
counsel exercised judgment on behalf of his client during critical stages of
trial, we have insufficient basis for trusting the fairness of that trial and
consequently must presume prejudice.  (internal citations and footnotes omitted)

262 F.3d
at 349.

            Here, we have a record wherein the
trial court is attempting to engage appellant’s lawyer in a dialogue on an
issue critical to appellant’s interests: the court’s timely ruling on
appellant’s motion for new trial. 
Counsel’s silence at this critical stage of the proceeding deprived
appellant of the valuable right to a ruling by the trial court on the merits of
his motion, rather than the automatic denial he received because his lawyer
failed to advise the trial court of the correct date on which the court’s power
to rule expired.  Counsel’s failure to
speak at this juncture is so egregious that it equates to the absence of
counsel, even though counsel was physically present.  Applying the Chronic rule, we find appellant was denied counsel at a critical
stage of his criminal proceeding, triggering a presumption of prejudice.  Without any basis for assuming counsel
exercised reasonable professional judgment on behalf of his client during that
hearing, there is no basis for trusting the fairness of the trial.

 








C. 
Appellant Has Demonstrated Prejudice

            We have concluded appellant was
constructively denied the assistance of counsel at the motion for new trial
hearing.  Because it was a critical stage
of his criminal proceeding, 
the Chronic rule
requires that we presume the deficiency prejudiced the fairness of the
hearing.  Even if prejudice were not
presumed under the circumstances presented here, the outcome would be the same
inasmuch as appellant has demonstrated prejudice, satisfying the second, or
“but for,” prong of the Strickland
test for ineffective assistance of counsel.

            To demonstrate prejudice resulting
from deficient performance of counsel, appellant must show a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Thompson, 9 S.W.3d at
812.  A reasonable probability is
a probability sufficient to undermine confidence in the outcome.  Id.  The result achieved in this proceeding—denial
of a new trial by operation of law—is not reliable inasmuch as the trial court
ultimately granted a new trial, but two days late.  This result is irreversibly tainted by the
failure of appellant’s counsel, present at the motion for new trial hearing, to
prompt the trial court with the correct date on or before which the court was
required to rule in order to avoid automatic denial of the motion.  Counsel’s failure to respond to the trial
court’s request for confirmation of the correct date for the ruling deprived
appellant of the judge’s ruling as opposed to the statutory default of denial.

            Here, appellant is required to prove
a motion for new trial would have been granted in order to satisfy the second
prong of Strickland.  See
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
App. 1998) (holding appellant is required to prove motion to suppress would
have been granted to show prejudice). 
That showing has been made because the record on appeal contains the
trial court’s order vacating the judgment and granting appellant a new
trial.  Regardless of the status of that
order, it unequivocally demonstrates the trial court’s intent to reach that
result.  Counsel’s failure to advise the
trial court of the correct deadline for ruling on the motion for new trial
prejudiced appellant in that such advice would have prompted the trial court to
issue a timely ruling.  There is,
therefore, a direct nexus between counsel’s deficient performance and prejudice
to appellant.  Whether prejudice is
presumed or proved, we sustain appellant’s first point of error.[1]

IV.  Remedy

            Sixth
Amendment violations are subject to the general rule that remedies should be
tailored to the injury suffered from
the constitutional violation.  United States v. Morrison, 449 U.S. 361, 364 (1981).  The error in
these causes did not contribute to appellant’s convictions or punishment;
therefore, reversal of the trial court’s judgment is not required.  See
Tex. R. App. P. 44.2(a).  The appropriate remedy is to abate the
appeals and remand the causes to the trial court for a new hearing on
appellant’s motion for new trial.  See Massingill v.
State, 8 S.W.3d 733, 738 (Tex. App.—Austin 1999,
no pet.) (abating appeal to permit hearing on appellant’s untimely motion for
new trial asserting reasonable grounds entitling appellant to hearing had they
been timely).  Abatement of this appeal
is authorized by our authority to remedy the constitutional violation shown by
the record.  See Oldham v. State, 977 S.w.2d 354, 360 (Tex. Crim.
App. 1998) ( stating denial of constitutionally
guaranteed counsel will be remedied).  

            By this order, these appeals are
abated and the causes remanded to the trial court for a new hearing on
appellant’s motion for new trial.  If the
trial court grants the motions, appellant’s appeals will be dismissed.[2]  If the motions are overruled, the record will
be supplemented and the parties will be permitted to brief any issues relating
to the overruling of the motions.  The trial court is ordered to conduct a
hearing on the motion for new trial.  Any
ruling is to be included in a supplemental clerk’s record and transmitted to
this Court.

            The appeal is abated, treated as a
closed case, and removed from this Court’s active docket.  The appeal will be reinstated on this Court’s
active docket only when the 

 class=Section6>

supplemental
clerk’s record is filed in this Court. 
The Court will consider an appropriate motion to reinstate the appeal
filed by either party, or the Court may reinstate the appeal on its own
motion.  It is appellant’s responsibility
to request a hearing date from the trial court and to schedule a hearing in
compliance with this Court’s order.  If
the parties do not request a hearing, the court coordinator of the trial court
shall set a hearing date and notify the parties of such date.  

            It is so ORDERED.

                                                                                    

                                                                        /s/        John S. Anderson

                                                                                    Justice

 

Order filed
and Concurring and Dissenting Opinions filed November 27, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.  (Frost,
J. concurring and Brister, C.J. dissenting.)

 

Publish — Tex.
R. App. P. 47.3(b).








Order and
Concurring and Dissenting Opinions filed November 27, 2002. 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.
14-00-00811-CR and

   14-00-00812-CR

____________

 

JAMES CLIVE
BELCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 56th District Court

Galveston County, Texas

Trial Court
Cause Nos. 99CR0496 and 99CR0497

 

 

C O N C U R
R I N G   O P I
N I O N

            At a hearing on appellant’s motion
for new trial, the trial court noted its concern about an issue raised by the motion and requested additional briefing from
counsel.  Apparently, the trial court
intended to study the issue more before ruling. 
The trial court then announced an incorrect deadline for ruling on the
motion — a date that was past the expiration of the court’s jurisdiction.  Although the trial court stated that it would
welcome assistance in calculating the deadline, appellant’s counsel failed to
bring the miscalculation to the trial court’s attention.  Later, the trial court tried to grant
appellant the requested relief by signing an order for a new trial.  The order, however, came two days late, at a
time when the court’s jurisdiction had expired.

            Our task on appeal is to determine
(1) if appellant received ineffective assistance of counsel because his trial
attorney failed to correct the trial court’s miscalculation of the deadline for
granting a new trial; and, (2) if so, whether appellant suffered prejudice as a
result of the error.  See Strickland v. Washington, 466 U.S. 668,
687–92 (1984); Hernandez v. State,
726 S.W.2d 53, 55–57 (Tex. Crim. App.1986).

            The first prong of the analysis
turns on whether defense counsel has a duty to correct a court’s stated
misunderstanding of the critical deadline for granting a motion for new
trial.  The dissent asserts “no court has
ever ruled that attorneys have a duty to tell the court when to rule,” but that
is not exactly what happened here.  This
is not a case in which the lawyer merely failed to chart out the deadlines for
the court’s convenience or information; rather, the trial court made its
mistaken belief manifest, affirmatively identifying an erroneous deadline.  Verifying the deadline the court identified would
have been a simple arithmetic exercise. Appellant’s counsel, however, did not
respond to the court’s invitation to assist in calculating the deadline, nor
did appellant’s counsel correct the trial court or inform the court of the true
deadline.  Instead, appellant’s counsel allowed
the court to labor under a misunderstanding of the facts. 

            A lawyer has an affirmative duty to
correct the court’s mistaken belief on crucial facts.  See,
e.g., Burley v. Cabana, 818 F.2d 414, 417–18 (5th Cir. 1987) (holding
appellant’s counsel was ineffective under Strickland
because counsel failed to correct trial court’s erroneous statement that it
believed a life sentence was mandatory). 
Though no court appears to have confronted the precise facts presented
by our record, in Crowell v. State,
949 S.W.2d 37, 38 (Tex. App.—San Antonio 1997, no pet.), the Fourth Court of
Appeals faced a similar situation.  In Crowell, the appellant’s lawyer failed
to bring to the trial court’s 

 class=Section8>

attention
the fact that the hearing on appellant’s motion for new trial fell on a date
that came after the court’s jurisdiction would expire.  The Crowell
court held that “the burden of ensuring that the hearing [on a motion for new
trial] is set for a date within the trial court’s jurisdiction is properly
placed on the party presenting the motion.”  Id.  Thus, it follows that the burden is on
appellant, as movant for a new trial, to ensure that
any manifest mistake by the trial court in calculating the deadline for ruling
is brought to the trial court’s attention. 


            Absent evidence of counsel’s reasons
for the challenged conduct, we indulge a strong presumption that it falls
within the wide range of reasonable, professional assistance, i.e., that the challenged action might
be considered sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Even though the record contains no testimony
as to the reasons for appellant’s counsel’s actions, the presumption is
overcome in this case because no strategic motivation for the conduct can be
imagined.  See Garcia v. State, 57 S.W.2d 436, 440 (Tex. Crim.
App. 2001) (noting that appellate courts commonly will assume a strategic
motivation if any can possibly be imagined); Lawson v. State, 896  S.W.2d
828, 830–33 (Tex. App.—Corpus Christi 1995, pet. ref’d)
(holding counsel was ineffective where there was no conceivable trial strategy
to explain counsel’s conduct).  It is
inconceivable that any defense lawyer, as a matter of strategy, would fail to
correct the court’s stated miscalculation of the days left to rule,
particularly when a new trial hung in the balance.  Appellant’s counsel, while obviously
effective in terms of persuading the trial court to grant appellant a new
trial, was ineffective in failing to correct the trial court’s mistaken belief
as to the deadline for ruling.  See Burley, 818 F.2d
at 417–18.  Under the
circumstances presented by this record, once the trial court made its mistaken
belief manifest, it was incumbent upon appellant’s counsel to inform the court
of the error so  that
the court could take timely action.  See id. 
The failure to do so constitutes ineffective assistance of counsel.

             The second, prejudice prong of Strickland is also satisfied.  As a result of the uncorrected
miscalculation, the trial court’s order granting the new trial did not have its
intended effect, and appellant lost the benefit of the new trial he surely
would have had if only the trial court’s order had been timely. The dissent
misses the mark in arguing that the court should refuse to consider the belated
order granting a new trial in assessing prejudice. Though the dissent correctly
characterizes the belated order as a legal nullity, it is not invisible for
purposes of evaluating appellant’s ineffective-assistance claim.  Because the order is part of the record on
appeal, the appellate court may consider it — not to show that appellant
received a new trial (indeed, he did not), but to show what the trial court
would have done had it been clothed with the jurisdiction to act.  Here, the harm that resulted from counsel’s
failure to correct the court’s manifest misunderstanding can hardly be
questioned.  The new trial the court
intended to grant to appellant was lost with the trial court’s jurisdiction.  That loss constitutes prejudice under the
second prong of Strickland.  See
Strickland, 466 U.S. at 691–95;
Hernandez, 726
S.W.2d at 55–59.

            Because appellant has satisfied both
prongs of Strickland, he is entitled to relief.  See
Strickland, 466 U.S. at 687–92;
Hernandez, 726
S.W.2d at 55–57.  For this reason,
I respectfully concur in the result.

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Order and
Concurring and Dissenting Opinions filed November 27, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson, and Frost.  (Brister,
C.J. dissenting.)

 

Publish — Tex. R. App. P. 47.3(b).

 

 




Order and
Concurring and Dissenting Opinions filed November 27, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.  14-00-00811-CR and 

     14-00-00812-CR

____________

 

JAMES CLIVE
BELCHER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 56th District Court

Galveston County, Texas

Trial Court Cause Nos.  99CR0496 and 99CR0497

 

 

D I S S E N T I N G   O P I N I O N

In this
appeal, appellant Jimmy Belcher once again demonstrates a remarkable ability to
prolong a chase.  After hijacking a truck
by threatening to shoot the driver, appellant forced the driver to take him for
a ride, and eventually forced him from the truck.  The driver called 9-1-1, and a patrol officer spotted the
truck and followed appellant to a residential driveway.  When the officer attempted to arrest
appellant, he jumped back into the truck, sped around the back of the house,
and headed out another way.  A high-speed
chase ensued, ending only when the truck flew off an embankment and into the San
 Jacinto River.  Not one to give up easily, appellant escaped
from the truck, and was arrested only after a search involving sixty officers
and a police helicopter found him hiding underneath a partially sunken shrimp
boat.

At trial,
appellant was convicted of aggravated kidnapping and aggravated robbery, and
the trial court assessed concurrent thirty-year sentences.  Appellant’s appointed counsel filed a timely
motion for new trial, obtained a timely hearing, and ably presented appellant’s
arguments.  At the close of that hearing
the trial judge stated:








I have been counting on my
fingers and toes here, and I think our 75 days are up on August the 2nd. . . .
I am real troubled regarding the question of [one juror’s eligibility], so I am
going to look at some law on that. . . . So, I want to look at some law about
this juror.  I want to put everybody on
notice what I am thinking with regards to briefing, and I would like to see
some.  I would welcome others counting
the days, but I think our deadline is August the 2nd.

Having the
advantage of more fingers and toes, a panel of this Court held the motion for
new trial was overruled by operation of law on July 31st, and vacated the trial
court’s order.  See Tex. R.
App. P. 21.8 (c); State v. Belcher, Nos. 14-00-01197-CR & 14-00-01198-CR, 2001 WL
306181 (Tex. App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref’d) (not designated for
publication).  

Undeterred, appellant returns to our court, this time asserting
ineffective assistance of counsel. 
Although last year we held his motion for new trial was overruled by
operation of law, by granting a new hearing the court now holds it is not.  Because the law does not require us to
prolong this chase any further, I respectfully dissent.

                                                 Ineffective
Assistance of Counsel

The Court
grants appellant a second hearing on his new trial motion, finding his
appellate counsel ineffective in failing to correct the trial court’s
miscalculation of dates.  The concern in
ineffective assistance cases is whether there has been a breakdown in the
adversary process that renders appellant’s conviction unreliable.   See Bell v. Cone, ___ U.S. ___, ___,
122 S. Ct. 1843, 1850 (2002).  For several reasons, I do not believe that is
so.

 First, any mistake in calculating the new
trial deadline was made by the judge, not appellant’s counsel.  Counsel cannot be ineffective for failing to
take actions she had no duty to take.  See Ex parte
Morrow, 952 S.W.2d 530, 536–37 (Tex. Crim. App.
1997) (holding counsel not ineffective as he had no duty to advise defendant of
collateral consequences of guilty plea). 
A defense attorney may have a duty to file a motion for new trial, see
Bryant v. State, 974 S.W.2d 395, 400 (Tex. App.—San Antonio 1998, pet. ref’d) (holding record did not show failure to file motion
for new trial meant counsel was ineffective), or to ensure it is timely heard, see Bacey v. State, 990 S.W.2d 319, 333
(Tex. App.—Texarkana 1999, no pet.).  But
no court has ever held that attorneys have a duty to tell the court when to
rule.  Indeed, counsel cannot require the
trial court to rule at all, as motions for new trial may be overruled by
operation of law.  See Tex. R. App. P.
21.8.[3]    

Second, the
objectively-reasonable counsel standard includes an element of foreseeability—we cannot fault counsel for failing to
foresee the unforeseeable.  See, e.g., Smith v. Murray, 477 U.S. 527, 536,
106 S. Ct. 2661, 2667 (1986) (holding counsel
not ineffective for failing to foresee change in law); Lyon v. State, 885 S.W.2d 506, 521 (Tex. App.—El Paso 1994, pet. ref’d) (rejecting ineffectiveness claim when counsel could
not have anticipated rebuttal testimony). 
At the moment when all attorneys were invited to confirm the
jurisdictional deadlines, the trial judge had only indicated she wanted more
briefing, not that she intended to grant a new trial.[4]  Appellant’s argument requires us to assume
his counsel should have known that (1) the motion would be granted, and (2) the
deadline would not be checked and corrected by anyone (trial judge, court
coordinator, or court clerk) or anything (calendar or docketing system) at the
courthouse.

Third, this
is not a case about a sleeping lawyer. 
Though all concerned might have been more careful with their math, none
were unconscious or totally absent.  If
we presume prejudice every time we think (in hindsight) a lawyer should have
spoken up, we will have to presume a lot. 

Finally,
appellant must also show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  See Strickland v. Washington, 466 U.S. 668, 694,
104 S. Ct. 2052, 2068 (1984).  As discussed below, I do not believe he has
made such a showing.  We vacated the
trial court’s belated order and declared it a “nullity.”  Belcher, 2001 WL 306181 at *2.  A void order has no legal effect; it cannot
affect, impair, or create legal rights.  See Ex Parte
Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App.
2001); Zaragosa v. State, 588 S.W.2d 322, 327 (Tex. Crim. App. 1979) (treating void order granting a new trial
as if it had never been ordered). 
By relying on that order to establish prejudice, the court has given
this “nullity” a decisive effect.  

A fair
assessment of counsel’s performance requires us “to eliminate the distorting
effects of hindsight, to reconstruct the circumstances of counsel’s challenged
conduct, and to evaluate the conduct from counsel’s perspective at the time.”  Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.  Here,
appellant’s counsel timely filed a motion for new trial, timely presented
evidence at a hearing, and put the trial court on actual notice of her desire
for a ruling.  See Carranza v.
State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)
(establishing requirements of movant in motion for
new trial).  From this
perspective, we cannot presume reasonable counsel should have known that
trusting the trial court to make a timely ruling would prove fatal to
appellant’s case.  

The error
here was made by the judge, not counsel. 
Trial courts must be aware of their own jurisdictional deadlines; if
they are not, that error cannot be blamed on counsel.  I would not establish a standard that
declares every attorney incompetent when a judge miscalculates a deadline.  Thus, I would overrule appellant’s point one.


The Juror
Appellant Knew

In his
second issue, appellant argues he is entitled to a new trial because one of the
members of the jury lied about knowing him. 
When a motion for new trial asserting such a claim is overruled (as it
was here by operation of law), we review for an abuse of discretion.  See
Gonzales v. State, 3 S.W.3d 915, 916 (Tex. Crim. App. 
1999).  

As the
members of the jury panel assembled for his trial, appellant told his trial
counsel he knew one of the jurors. 
During voir dire, defense counsel asked if
anyone knew appellant.  The challenged
juror did not respond, and no questions of any kind were directed to him on the
matter.  When neither side struck him, he
became the twelfth juror. 

While a
juror who gives false answers during voir dire may be
disqualified, allowing that juror to serve is error only if defense counsel
acted diligently, in good faith, with no knowledge of the falsehood.  Id. at 916–17.  The Court of
Criminal Appeals has consistently held there is no error in seating a juror if
defense counsel fails to ask specific questions rather than broad ones, or
fails to ask follow-up questions after uncovering potential bias.  Id. at 917.  

Here, appellant
concedes he recognized this juror and told his counsel so, both before voir dire and again when the juror was placed on the
jury.  The juror was neither questioned
nor challenged, nor was the matter brought to the trial court’s attention
before the remainder of the jury panel was dismissed.  Indeed, nothing was said about the matter
until the end of the first day of trial, after dismissal of the jury panel,
opening statements, and at least an hour of testimony.

Assuming
appellant and his counsel were truthful in saying they intended all along to
strike this juror (though allegedly “one of his best friends”), they do not get
an extra peremptory strike merely by claiming they made a mistake.  Nor is appellant entitled to a jury made up
only of strangers, a condition that may be impossible in smaller
communities.  I would hold that the
denial of the new trial (by operation of law) was not an abuse of discretion.

Conclusion

The law
says—and this Court affirmed in its prior opinion in this case—that motions for
new trial are overruled by operation of law 75 days after sentencing.  Tex. R. App. P. 21.8 (c).  By declaring an exception for every lawyer
who miscounts, the Court makes that deadline infirm.  Thus I respectfully dissent.

 

            

            /s/        Scott
Brister

            Chief Justice

 

 

Order and Concurring and
Dissenting Opinions filed November 27, 2002.

Panel consists of Chief
Justice Brister and Justices Anderson and Frost.  (Frost, J. concurring.)

Publish C Tex. R.
App. P. 47.3(b).

 











            [1]  Based on our disposition of appellant’s first
point of error, we need not reach his remaining issues on appeal.  See
Tex. R. App. P. 47.1.





            [2]  Appeal by the State from orders granting new
trials would be separate proceedings.  See Tex.
Code Crim. Proc. Ann. Art. 44.01(a)(3) (Vernon Supp. 2002)





[3]
As indicated in the quotation from the record, the trial judge invited counsel
to confirm her calculation of the new trial deadline, but in no way did she
“request assistance” or rely upon them to do so, as the Court suggests in its
opinion.

 





[4]
The Court’s conclusion that the judge “strongly indicated an intent to rule in
[appellant’s] favor” is a lot to read into her comment that she was “real
troubled” about a question and wanted more research.